UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RAJ K. PATEL,<br><br>            Plaintiff,<br><br>     vs.<br><br>PRESIDENT JOE BIDEN,<br><br>            Defendant. | CIV. NO. 24-00010 LEK-RT |

**ORDER DISMISSING PLAINTIFF'S PRO SE COMPLAINT WITH PREJUDICE
AND DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On January 6, 2024, pro se Plaintiff The Excellent the Excellent Raj K. Patel ("Patel") filed a Pro Se Complaint ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 4.] For the reasons set forth below, the Complaint is hereby dismissed with prejudice and the Application is denied as moot. In other words, Patel has no claims remaining in this case, and Patel will not be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order.

**BACKGROUND**

Patel brings this action against Defendant President Joe Biden ("President Biden"). The claims in this case arise from President Biden's failure to invite Patel to a June 2023 State Dinner in which President Biden hosted Narendra Modi,

Prime Minister of India. See Complaint at ¶ 2. Patel asserts the following claims: an invasion of privacy claim based on unreasonable intrusion; an intentional infliction of emotional distress ("IIED") claim; a negligent infliction of emotional distress ("NIED") claim under Indiana, District of Columbia, and United States law; an NIED claim under Georgia, District of Columbia, and United States law; and an NIED claim under Delaware, District of Columbia, and United States law. As to each claim, Patel seeks $40,000,000 in damages, plus costs. [Id. at ¶¶ 4, 7, 12, 17, 22.] In addition, Patel seeks "parasitic damages, punitive damages, expectation damages, reliance damages, restitution damages, mental pain and suffering damages, and oppressive damages," and any other appropriate relief. [Id. at ¶¶ 24, 26.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be

2

> granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v.

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

3

> Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

## **DISCUSSION**

### I. **Jurisdiction and Venue**

Because Patel is proceeding pro se, the Complaint must be liberally construed. See Eldridge, 832 F.2d at 1137. This Court liberally construes the Complaint as invoking federal question jurisdiction. See, e.g., Complaint at ¶ 1 (alleging the claims in this case "may also be read under as common law claims and claims derived directly from the United States Constitution," specifically "[t]he 14th Amendment Privileges or Immunities Clause which guarantees a federal right of privacy"). Title 28 United States Code Section 1331 states: "The district courts shall have original jurisdiction of all civil actions

4

arising under the Constitution, laws, or treaties of the United States."

The claims that Patel asserts in this case are common law tort claim that arise under state law, not federal law. See, e.g., Hueter v. AST Telecomm LLC, 557 F. Supp. 3d 1101, 1113 n.6 (D. Hawai`i 2021) (rejecting the plaintiffs' argument that they could bring federal common law tort claims because: "'There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or "general," be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts.'" (quoting Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938))). This Court therefore concludes that it does not have federal question jurisdiction over this case.

Title 28 United States Code Section 1332(a) states, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States[.]" The amount in controversy requirement is met because the Complaint alleges Patel suffered millions of dollars in damages. See Complaint at ¶¶ 4, 7, 12, 17, 22. The Complaint,

5

however, does not plead allegations about Patel's citizenship nor President Biden's citizenship. This Court therefore concludes that the Complaint does not plead a basis for diversity jurisdiction.

Because the Complaint does not allege a basis for federal subject matter jurisdiction over this case, Patel's Complaint must be dismissed.

This Court also notes that venue in this district court may be improper. "Venue in federal courts is governed by statute." Spagnolo v. Clark Cnty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)).[2] Title 28 United States Code Section 1391(b) states:

> A civil action may be brought in –
>
> > (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the

---

[2] Leroy addressed an older version of Title 28 United States Code Section 1391(b). See 443 U.S. at 178 & n.8.

6

>     court's personal jurisdiction with respect
>     to such action.

"The plaintiff has the burden of showing that venue is proper in this district." Spagnolo, 2015 WL 7566672, at *2 (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)). Based on the allegations of the Complaint, it does not appear that the District of Hawai`i is the proper venue for this case.

The Court concludes that it may be possible for Patel to amend the allegations in the Complaint to cure the jurisdictional and venue defects. See Lucas, 66 F.3d at 248. Patel, however, is not entitled to the opportunity to file an amended complaint for the reason explained below.

**II. Presidential Immunity**

>  The United States Supreme Court has held that:
>
>  In view of the special nature of the President's
>  constitutional office and functions, we think it
>  appropriate to recognize absolute Presidential
>  immunity from damages liability for acts within
>  the "outer perimeter" of his official
>  responsibility.
>
>  Under the Constitution and laws of the
>  United States the President has discretionary
>  responsibilities in a broad variety of areas,
>  many of them highly sensitive. In many cases it
>  would be difficult to determine which of the
>  President's innumerable "functions" encompassed a
>  particular action. . . .

Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982). "[A] President's official-act immunity by nature does not extend to his

7

unofficial actions. When he acts in an unofficial, private capacity, he is subject to civil suits like any private citizen." Blassingame v. Trump, 87 F.4th 1, 3-4 (D.C. Cir. 2023) (citing Clinton v. Jones, 520 U.S. 681, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997)). Patel's claims against President Biden arise out of President Biden's hosting of a State Dinner for a foreign official. This was within the realm of President Biden's official responsibilities, and he was not acting in an unofficial, private capacity. This Court therefore concludes that President Biden has absolute immunity from Patel's claims in this case. Further, it is absolutely clear that Patel cannot amend the Complaint to cure the defects in the claims Patel is attempting to assert against President Biden. Therefore, the dismissal of the Complaint is with prejudice, *i.e.*, without leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Patel's Pro Se Complaint, filed January 6, 2024, is HEREBY DISMISSED WITH PREJUDICE. In light of this ruling, it is unnecessary to rule on Patel's Application to Proceed in District Court Without Prepaying Fees or Costs, also filed January 6, 2024. The Application is therefore DENIED AS MOOT.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **February 27,**

8

**2024,** unless Patel files a timely motion for reconsideration of this Order.

    IT IS SO ORDERED.

    DATED AT HONOULU, HAWAI`I, February 12, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**RAJ K. PATET VS. PRESIDENT JOE BIDEN; CV 24-00010 LEK-RT; ORDER DISMISSING PLAINTIFF'S PRO SE COMPLAINT WITH PREJUDICE AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**